**WO**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | | |
|---|---|---|
| Howard Cochran, | ) | No. CV 11-1365-PHX-RCB (JRI) |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| vs. | ) | |
| | ) | |
| Dr. Rao, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Howard Cochran, who is confined in Maricopa County's Fourth Avenue Jail in Phoenix, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983, which the Court dismissed for failure to state a claim with leave to amend.  (Doc. 1, 5.) Plaintiff filed a First Amended Complaint, which the Court also dismissed for failure to state a claim.  (Doc. 7, 8.)  Plaintiff has filed a Second Amended Complaint.  (Doc. 9.)  The Court will order Dr. Rao to respond to Count I of the Second Amended Complaint.

**I.     Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

1   A pleading must contain a "short and plain statement of the claim *showing* that the

2   pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not

3   demand detailed factual allegations, "it demands more than an unadorned, the-defendant-

4   unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

5   "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

6   statements, do not suffice." Id.

7   "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a

8   claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly,

9   550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content

10  that allows the court to draw the reasonable inference that the defendant is liable for the

11  misconduct alleged." Id.  "Determining whether a complaint states a plausible claim for

12  relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial

13  experience and common sense." Id. at 1950.  Thus, although a plaintiff's specific factual

14  allegations may be consistent with a constitutional claim, a court must assess whether there

15  are other "more likely explanations" for a defendant's conduct. Id. at 1951.

16  But as the United States Court of Appeals for the Ninth Circuit has instructed, courts

17  must "continue to construe *pro se* filings liberally." Hebbe v. Pliler, 627 F.3d 338, 342 (9th

18  Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards

19  than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89,

20  94 (2007) (*per curiam*)).

21  **II.    Second Amended Complaint**

22  Plaintiff alleges one count for denial of constitutionally adequate medical care.

23  Plaintiff sues Dr. Sudha Rao, who works for Maricopa County Correctional Health Services

24  (CHS).  Plaintiff seeks compensatory and punitive relief.

25  In his Second Amended Complaint, Plaintiff alleges the following facts: On March

26  10, 2011, Dr. Rao refused Plaintiff's request to be seen by a hand specialist.  Dr. Rao saw in

27  x-rays that a pin was protruding through Plaintiff's skin.  Plaintiff asked Rao for pain

28  medication and assignment to a lower bunk, but Rao told Plaintiff not to push it about

medication.  Plaintiff alleges that he is suffering increasing pain, that the pin is pinching nerves in his hand causing his hand to go numb, and that Rao is fully aware of these issues.

**III.   Claim for Which an Answer Will be Required**

Plaintiff sufficiently alleges that Dr. Rao has acted with deliberate indifference to a serious medical need.  Accordingly, he will be required to respond to Count I of the Second Amended Complaint.

**V.   Warnings**

    **A.   Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result in dismissal of this action.

    **B.   Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

    **C.   Copies**

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files.  Fed. R. Civ. P. 5(a).  Each filing must include a certificate stating that a copy of the filing was served.  Fed. R. Civ. P. 5(d).  Also, Plaintiff must submit an additional copy of every filing for use by the Court.  See LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

    **D.   Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Defendant Rao must answer Count I.  (Doc. 9.)

(2)     The Clerk of Court must send Plaintiff a service packet including the Second Amended Complaint (Doc. 9), this Order, and both summons and request for waiver forms for Defendant Rao.

(3)     Plaintiff must complete and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order.  The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(4)     If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Second Amended Complaint on a Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served.  Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

(5)     The United States Marshal must retain the Summons, a copy of the Second Amended Complaint, and a copy of this Order for future use.

(6)     The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure.  The notice to Defendant must include a copy of this Order.  **The Marshal must immediately file signed waivers of service of the summons.  If a waiver of service of summons is returned as undeliverable or is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must**:

(a) personally serve copies of the Summons, Second Amended Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

(b)  within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant.

The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Second Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required.  Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(7)     **A Defendant who agrees to waive service of the Summons and Second Amended Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(8)     Defendant must answer the Second Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(9)     Any answer or response must state the specific Defendant by name on whose behalf it is filed.  The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

(10)   This matter is referred to Magistrate Judge Jay R. Irwin pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

DATED this 18th day of November, 2011.

_____
Robert C. Broomfield
Senior United States District Judge

- 5 -